State of Tennessee, for use, etc., *v.* Levi McCallum, *et al.*

STATE OF TENNESSEE, for use, etc., *v.* LEVI MC-CALLUM *et al.*

1. SHERIFF. *Motion against. Liability of sureties.* Where a sheriff accepts notes for collection, and fails to take out execution, or make the money on the same, after judgment before a Justice of the Peace, under the circumstances, he is simply an agent for collection, and his sureties are not liable upon his bond for such failure.

2. SAME. *Same. Res judicata.* A judgment on motion in favor of a sheriff precludes a subsequent suit for the same default, where the Court had jurisdiction on the motion to render a judgment against the sheriff.

FROM HICKMAN.

Appeal from the Circuit Court. ELIJAH WALKER, Judge.

State of Tennessee, for use, etc., *v.* Levi McCallum *et al.*

L. D. MYERS for McNeely.

T. P. BATEMAN and N. N. Cox for McCallum.

McFARLAND, J., delivered the opinion of the Court.

This is an action against McCallum and his sureties upon his official bond as former sheriff of Hickman County. Various breaches of the covenant are assigned:

1st. That McCallum, having given his receipt for the collection of several notes of the plaintiff, McNeely, failed to make the money from the defendants, after judgments were had on the notes before a Justice of the Peace.

2nd. That he failed to take out execution on said judgments to himself or his deputy.

Upon the first two breaches assigned the Circuit Judge held that the bond contained no covenant requiring, the sheriff, in his official capacity, to perform these services, and that the law does not make the performance of these acts a part of his official duty. His obligations to the creditor in this regard being only that of an agent, for which his sureties on his bond are not liable.

As a defence for failing to return the executions, the defendants pleaded that after the alleged default occurred, and before the commencement of this action, the plaintiff, McNeely, instituted a motion against the defendants in the Circuit Court for failing to return the identical same execution; that this motion was regularly heard and determined, and judgment ren-

State of Tennessee, for use, etc., *v.* Levi McCallum *et al.*

dered in their favor; that this judgment remained in full force, unreversed and unappealed from; this plea was sustained by the record. The Circuit Judge held that this was a former adjudication of the question, and a bar to any recovery in this action for failing to return the execution. This is assigned as error.

The remedy against sheriffs by motion, given by the statute, does not take away the common law remedy by action of covenant upon the bond. The latter remedy is more comprehensive, and may be maintained upon grounds for which a motion will not lie. To the extent that a motion lies, the remedies are concurrent. It is a well settled principle that when a question has been judicially determined by a Court, having jurisdiction of the subject matter and the parties, as between the same parties, it is to be regarded as finally determined, and the judgment is a bar to a subsequent action, either in the same or a different form, or different Court, between the same parties, for the same cause of action.

It appears that in the motion referred to the Circuit Court had jurisdiction of the parties, and the jurisdiction to determine the question of the defendants' liability for the alleged failure to return these executions, and having determined the question, and the judgment remaining in full force, it can not be again heard. It does not change this result, that the measure of damage is different in the one case from the other.

It is the adjudication that the defendant, McCallum, is in no official default by reason of his alleged failure to return the executions by a Court having jurisdiction that precludes a re-examination of the question.

There is no error, and the judgment must be affirmed.